Motion is therefore denied, with $10 costs.

---

HEIDELBURGER v. HEIDELBURGER et al.

(Supreme Court, Appellate Division, First Department. December 3, 1915.)

1. BILLS AND NOTES ⬤⟿224—INDORSEMENT BY WIFE OF PAYER—PLACE OF INDORSEMENT.
   A contract of indorsement of a note, made in one state after the making of the note in another, is an independent contract, governed by the law of the state of indorsement, and not the law of the state in which the note was executed.
   [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 526; Dec. Dig. ⬤⟿224.]

2. BILLS AND NOTES ⬤⟿224—ACCOMMODATION INDORSERS—PLACE OF MAKING—RESIDENCE OF INDORSER.
   Whether the indorser on a note, on an independent contract, made in one state after the making of the note in another state, was permanently or temporarily residing in the state of indorsement is irrelevant, since it is the place where the contract was made, and not the residence of the contractor, which governs.
   [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 526; Dec. Dig. ⬤⟿224.]

Appeal from Trial Term, New York County.

Action by Isaac Heidelburger against Hattie Heidelburger and others. From a judgment for plaintiff on a directed verdict, and an

---

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

order denying a motion for a new trial, defendants appeal. Reversed, and complaint dismissed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and SMITH, JJ.

Louis H. Moos, of New York City, for appellants.
Mayer Kronacher, of New York City, for respondent.

SCOTT, J. The defendants are the executors of the last will and testament of Bertha Heidelburger, deceased, who was an accommodation indorser upon seven promissory notes executed by her husband, Joseph Heidelburger, to his own order, and indorsed by him and delivered to his brother, Isaac Heidelburger, the plaintiff, in settlement of a controversy. The notes bear upon their face no indication as to where they were made, although the evidence is that they were actually drawn in the state of New York, and were delivered to plaintiff in this state. They were all payable at a trust company in the state of New Jersey. Mrs. Heidelburger was a resident of the state of New York, but at the time the notes were made she was temporarily sojourning in New Jersey, and she indorsed them in that state. Payment is resisted by defendants on the ground that under the law of the state of New Jersey an accommodation indorsement by a married woman creates no liability against her. It is conceded that the law of New Jersey is that no married woman shall become an accommodation indorser, guarantor, or surety, nor be liable on any promise to pay debts or answer for the default or liability of any other person. 3 Comp. St. N. J. p. 3226, § 5. It is also conceded that Mrs. Heidelburger was merely an accommodation indorser.

[1, 2] The sole question in the case is whether the law of the state of New York or that of the state of New Jersey applies. In our opinion this is not an open question. Whether the note itself was a New York contract or a New Jersey one, it is clear that the contract of indorsement was an independent contract governed by the law of the state where it was made, which place, in the present case, was the state of New Jersey. Spies v. National City Bank, 174 N. Y. 222, 66 N. E. 736, 61 L. R. A. 193; Chemical National Bank v. Kellogg, 183 N. Y. 91, 75 N. E. 1103, 2 L. R. A. (N. S.) 299, 111 Am. St. Rep. 717, 5 Ann. Cas. 158. The question whether the indorser was permanently or merely temporarily residing in New Jersey is irrelevant. It is the place where the contract is made, and not the residence of the contractor, which is to govern.

It follows that the judgment and order appealed from must be reversed, and the complaint dismissed, with costs to the defendants in this court and the court below. Order filed. All concur.